1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12
BENJAMIN TATUM,                    )    1:08-CV-01510 OWW SMS HC
13                                 )
                    Petitioner,    )    ORDER GRANTING RESPONDENT'S
14                                 )    MOTION TO DISMISS
                                   )    [Doc. #14]
15      v.                         )
                                   )    ORDER DISMISSING PETITION AND
16                                 )    DIRECTING CLERK OF COURT TO ENTER
NICK DAWSON,                       )    JUDGMENT
17                                 )
                    Respondent.    )    ORDER DECLINING ISSUANCE OF
18  _____ )    CERTIFICATE OF APPEALABILITY

19
20          Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254.  He is represented in this action by William L. Schmidt, Esq.
21
                                    **BACKGROUND**
22
            Petitioner is currently in the custody of the California Department of Corrections and
23
Rehabilitation serving a sentence of 19 years to life in state prison pursuant to a judgment of
24
conviction of the crime of second degree murder entered on January 8, 1991. See Exhibit 1,
25
Respondent's Motion to Dismiss (hereinafter "Motion").  Petitioner challenges a prison disciplinary
26
hearing held in April of 2005, wherein Petitioner was found guilty of mutual combat. Petitioner
27
administratively appealed the decision; the final administrative appeal was denied on May 5, 2006.
28

1  Petitioner filed three collateral challenges in the state courts with respect to the prison

2  disciplinary hearing. On February 5, 2007,[1] he filed a petition for writ of habeas corpus in the Kings

3  County Superior Court. See Exhibit 2, Motion. The superior court denied the petition on June 6,

4  2007. Id. He then filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth

5  Appellate District, on September 10, 2007. See Exhibit 3, Motion. The petition was summarily

6  denied on November 15, 2007. Id. On January 9, 2008, he filed a petition for writ of habeas corpus

7  in the California Supreme Court. See Exhibit 4, Motion. The petition was summarily denied on

8  March 12, 2008. Id.

9  On October 7, 2008, Petitioner filed the instant petition for writ of habeas corpus in this

10  Court. Respondent filed a motion to dismiss the petition on December 16, 2008, for violating the

11  statute of limitations and failure to exhaust state remedies. Petitioner filed a statement of non-

12  opposition to Respondent's motion on January 16, 2009.

**DISCUSSION**

14  I.  Procedural Grounds for Motion to Dismiss

15  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

16  petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See

17  also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

18  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

19  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

20  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

21  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

22  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

23  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

24  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

25  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

26  In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

---

28  [1]The mailbox rule does not apply as Petitioner was represented by counsel. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir.2003).

1  one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss

2  pursuant to its authority under Rule 4.

3  II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

4          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

5  1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

6  habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

7  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

8  586 (1997).

9          In this case, the petition was filed on October 7, 2008, and therefore, it is subject to the

10 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

11 seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

12 § 2244, subdivision (d) reads:

13         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
           corpus by a person in custody pursuant to the judgment of a State court.  The
14         limitation period shall run from the latest of –

15             (A) the date on which the judgment became final by the conclusion of direct
           review or the expiration of the time for seeking such review;
16
               (B) the date on which the impediment to filing an application created by
17         State action in violation of the Constitution or laws of the United States is removed, if
           the applicant was prevented from filing by such State action;
18
               (C) the date on which the constitutional right asserted was initially recognized by
19         the Supreme Court, if the right has been newly recognized by the Supreme Court and made
           retroactively applicable to cases on collateral review; or
20
               (D) the date on which the factual predicate of the claim or claims presented
21         could have been discovered through the exercise of due diligence.

22         (2) The time during which a properly filed application for State post-conviction or
           other collateral review with respect to the pertinent judgment or claim is pending shall
23         not be counted toward any period of limitation under this subsection.

24 28 U.S.C. § 2244(d).

25         In most cases, the limitations period begins running on the date that the petitioner's direct

26 review became final. In a situation such as this where the petitioner is challenging a prison

27 disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of

28 limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d

1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on May 6, 2006, the day after Petitioner was informed that his final administrative appeal had been denied. Under Section 2244(d)(1)(D), Petitioner had one year until May 5, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  Petitioner did not file his federal petition until October 7, 2008, which was over seventeen months after the limitations period had expired. Absent any applicable tolling, the petition is untimely.

A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

In this case, Petitioner filed three post-conviction collateral challenges. The first was filed on February 5, 2007, during the limitations period. At that point, 275 days of the limitations period had expired. Assuming the statute was tolled from the date he filed his first petition, February 5, 2007,

1  until the date his final state petition was denied, March 12, 2008, the statute of limitations expired 90

2  days later on June 10, 2008. The instant petition was not filed until October 7, 2008, which was 119

3  days after the limitations period had already expired. Therefore, Respondent is correct in arguing the

4  instant petition is untimely.

5         B. Equitable Tolling

6         The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

7  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

8  way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

9  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

10  citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

11  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

12  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

13  (9th Cir.1993).  Petitioner does not contend he should be granted equitable tolling, and this Court

14  can find no reason to do so.

15  III.  Certificate of Appealability

16         A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

17  district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

18  El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue

19  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

20      (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
district judge, the final order shall be subject to review, on appeal, by the court

21  of appeals for the circuit in which the proceeding is held.

22      (b) There shall be no right of appeal from a final order in a proceeding to test the
validity of a warrant to remove to another district or place for commitment or trial

23  a person charged with a criminal offense against the United States, or to test the
validity of such person's detention pending removal proceedings.

24

25      (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
appeal may not be taken to the court of appeals from–

26        (A) the final order in a habeas corpus proceeding in which the
detention complained of arises out of process issued by a State

27  court; or

28        (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

### ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED with prejudice for violating the statute of limitations;

3) The Clerk of Court is DIRECTED to enter judgment for Respondent; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    **January 21, 2009**                          **/s/ Oliver W. Wanger**
                                                UNITED STATES DISTRICT JUDGE